IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO: 12-81290-CIV-MARRA/MATTHEWMAN

CHARLES COE,

    Plaintiff,
vs.

RUSSELL BEVERSTEIN, individually
and STUSSELL'S FOODS LLC,

    Defendants.
_____/

**SECOND MOTION TO COMPEL BETTER
RESPONSES TO INTERROGATORIES**

    Plaintiff, Charles Coe, pursuant to Local Rule 26.1 and Rule 37, moves to compel better responses to Coe's Interrogatories. In support thereof, Coe asserts as follows:

    Plaintiff filed the instant FLSA claim asserting that Defendants' failure to pay Plaintiff violates the FLSA. Defendant's primary defense to this claim is that Plaintiff is not entitled to overtime because he was an owner of Stussell's Foods LLC (the "business"). Plaintiff served Defendant with discovery, including an Interrogatory asking Defendant to identify on what date Defendant asserts Plaintiff became an owner. Defendant first responded by stating:

> Effective the fiscal year commencing after his mother wired monies into the organization and he had worked as the Executive Chef for a time period.

    Defendants refused to give a more specific answer. Plaintiff filed a Motion to Compel and on June 26, 2013, this Court entered an Order compelling Defendant to provide a better response to this Interrogatory. *See* DE 40 attached hereto as **Exhibit "A."** At the hearing the Court directed Defendants to identify no less than the month and year Defendants assert Plaintiff became an owner. Defendants served their amended response but failed to comply with the Court's Order. *See*

Amended Response attached hereto as **Exhibit "B."** Instead, Defendants stated as follows:

> I am not certain when Coe became a twenty percent (20%) owner in the company because I treated him as an owner from the time that we signed the Contract that is attached to the Amended Complaint. As a start up restaurant, we were not very concerned about formalizing the arrangement and I did not know anything else needed to be done for him to be a 20% owner. The company had no operating agreement or other formality that would need to change for him to be an owner. I cannot answer this question any better than to say that I always treated Coe as an owner, but there are no documents to reflect a transfer of LLC interest so that I could be more precise in this response.

Defendants' response is disingenuous as Defendants did not treat Coe as an owner when it filed the 2011 tax return[1] whereby Mr. Beverstein represented to the IRS that he owned 100% of the business (Coe started working for Defendants in 2010). Moreover, Defendants did not treat Coe as an owner when they unceremoniously fired Coe without warning. The date Defendants assert Coe became an owner is paramount in this case because Plaintiff will be entitled to summary judgment on his unpaid wage claim for all unpaid wages prior to this date as the only defense asserted is that Coe was an owner and therefore not entitled to overtime.

The undersigned attempted to contact opposing counsel; however, she has been unavailable. Defendants were not substantially justified in failing to answer this question. Their answer is disingenuous and contradicts the documents Defendants filed with the IRS.

WHEREFORE Plaintiff, Charles Coe, respectfully requests this Court enter an Order granting Plaintiff's Motion to Compel and compelling Defendants to identify the date by day, month and year by which Defendants assert Coe became a legal owner of the business.

---

[1] Defendants' 2011 tax returns were filed on September 20, 2012.

|  |  |
|---|---|
| DATED: July 11, 2013 | PINCUS & CURRIER, LLP<br>*Counsel for Plaintiff*<br>324 North Lakeside Court<br>West Palm Beach, Florida 33407<br>Telephone:    561-868-1340<br>Facsimile:     561-366-1310<br>E-mail:rcurrier@wprclaw.com |

By:     /s Romin N. Currier
       Romin N. Currier
       Florida Bar No. 566985

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 11, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counselor parties who are not authorized to receive electronically Notices of Electronic Filing.

By:    */s/ Romin Currier*
       Romin N. Currier
       Florida Bar No. 566985

### SERVICE LIST

Robyn Hankins
Hankins & Ator, P.L.
4600 Military Trail, Suite 217
Jupiter Florida 33458
rsh@hankinsator.com

Opposing counsel has been served with this document via the Notice of Electronic Filing generated by the CM/ECF.

~ 3 ~